Salem v. United Central Bank May it please the Court. My name is Maurice J. Salem, and I am the appellant in this case. Your Honors, in this case the plaintiff's attorney was held in contempt for filing a lien. Now there are three undisputed facts. That means you, basically. That is me. Okay, now there are three undisputed facts that preclude any plaintiff's plausible argument in support of the contempt order. First, the act of filing a lien did not violate any court order. Second, the act of filing a lien did not obstruct the administration of justice. Your Honors, the law on contempt is thoroughly presented to you in appellant's brief. So let me ask you this question. Suppose what happened was that you just made a mistake and you used the form for contractor liens instead of the form for lis pendens. And the consequence of a lis pendens is a little different from that of a lien. What do you think should be the result of a mistake like that? Well, Your Honor, I think exactly what the district court judge cited. He cited two state court cases to support his contempt order. And those cases stated that if someone files a false or frivolous or a mistaken lien, then a claim can be brought against them, which requires the full due process that is typically afforded to a defendant in a lawsuit, Your Honor. At which point you'd be able to say it was a mistake. I should have filed a lis pendens. Yes, Your Honor. But Your Honor, the only two cases that the district court judge cited to support his contempt order, those cases have absolutely nothing to say about contempt. They're simply saying that anyone who files a false and frivolous lien, claim can be brought against them. Now, Your Honor, in fact, there is no case where someone was held in contempt for filing a lien. There is none. Now, Your Honor's- Let me back you up just a little bit. You say there was no court order, but the district judge had determined that property had been abandoned, correct? Correct, Your Honor. And what you filed was directed at that property, wasn't it? It's related to that property to secure the lien. That's correct, Your Honor. So doesn't that support the district judge's determination that there was action taken in conflict with his order? No, Your Honor, it does not. In the appellate brief, I cited thoroughly the law on contempt. The order has to be specific. It has to be clear. It has to be exact. That order of abandoning the property in the hotel does not necessarily preclude me from filing a lien if other things are happening and I want to secure my client's claim. So if you see the law that I cited, it states very clearly for the order that violated, it must state clearly and specifically what is prohibited. Now, abandoning the property has nothing to do with me filing a lien to protect my client's claim because of circumstances that were occurring. So, and the law is very clear on that, Your Honor. But again, the two undisputed facts is that the order didn't, that the filing of the lien didn't violate the court order and it did not obstruct the administration of justice. Now, Your Honor, there's another... Let me ask you a question about this property. I take it that some of the property is just, you know, linens and sheets and movable personal property, if you will. But it looks like some of it might be fixtures. Is that the case? The property that's forming this underlying dispute that you were allegedly trying to preserve your client's right, I guess, in a proceeding to determine who gets abandoned property. We have to take as a given that it's abandoned, but that's not the end of the discussion, I'm sure. But were there some fixtures? So what's the nature of this property? Yes, there were some fixtures, Your Honor. Okay. But most of it was linen and things that were contaminated with mold. Once it was found out that it was contaminated with mold, then the bank says, okay, we're wrong, it's not our property, it's yours, go ahead and take it. All right. Your Honor, there's a third undisputed fact that I wanted to mention, if I may, and that is before the contempt order was entered, before this all started, the plaintiff's attorney, myself, took full responsibility for any financial harm that the lien may cause the bank. And that was very clear before anything. And, Your Honor- How did you do that? How did you demonstrate that? I demonstrated it in writing, Your Honor. In writing to- To the judge before he entered the contempt order. And I also, once I received correspondence from opposing counsel, I said to him, I said, listen, if there's any financial harm or anything, I'll pay for it, not a problem. Go ahead, prove me wrong. And I took full financial responsibility. Your Honor, someone, to me, someone like that is not who a contempt charge was meant for, Your Honor. And again, I hope you had time, or you will, review the entire law on contempt, which I started from the definition of contempt, all the way through its development, and it's in my brief, and I believe that the district judge heard as a matter of law. What about the, see, this is a, I mean, you may be right about this being a poor fit for contempt, but the judge seems to have been bothered, I'll say for a general term, the professional responsibility end of things. And so part of what he's doing is he's addressing whether you should be admitted pro hoc in the district, or possibly even admitted completely in the district, and whether you should have put down in the form that was filed your pro hoc admission date, and were you somehow misrepresenting what the court was doing. I'm not sure that contempt is the model for that, but courts do have authority over members of the bar who practice before them as well. Sure, Your Honor, and in my declaration, I clearly stated I was willing to get a Wisconsin attorney to do it. However, the clerk said that if I'm an attorney and practicing in that case, all I need is just some number reference, and I can file it. And I cited his name, and we could bring him and have him testify, and there's no basis for me to lie about that, Your Honor. He would also come in and testify to the same. In addition, I called the clerk, and I said, is there a number that represents me here? She said, just use the date the order was entered, and that's your number. And I said that to the clerk. He said, just simply write it on the lien, and I'll file it. I followed his directions. I would have done otherwise, but Your Honor, even if I violated the statute, then let's go back to the district judge's law that he cited in support of his contempt order. He cited two state cases, and I referenced them in my brief. Those cases say, if you file a false or frivolous lien, then the claim can be brought against you. And the full due process that's typically afforded to a defendant is there, Your Honor. Is there a statute which requires a Wisconsin lawyer to file these liens? Your Honor, it requires, yes, Your Honor, there is. There is a statute. There is a statute, and I spoke with the clerk about it. And when I said to the clerk, I'm here, Pro Hoc Vitae. The issue is whether a Pro Hoc Vitae attorney can file it. Well, I understand that, but my question is, it's surprising to me, and I'm constantly surprised about many things, that the state of Wisconsin is so concerned about the things that they require one of their own attorneys to file these liens. What about somebody acting pro se? Your Honor, I agree with you. A lot of states won't have to. That's not what the form looks like at all to me. It looks like the construction contractor lien can just be filed by a contractor. The list pendants says title member state bar of Wisconsin, but it also then says authenticate if filing party is not a member of the state bar of Wisconsin, which sounds to me like there's an avenue, just as Judge Kaney is suggesting, for someone that isn't part of the bar, maybe more authentication somehow. I'm not sure how that's done, but- Going to a Wisconsin attorney, and he said to me, if you get a number from the court, and I'll file it. Your Honor, the point is, I've made a mistake, but based on the law of contempt, it doesn't go to that height. And if I may, Your Honor, there were four sanctions that were levied. The first vacating the Pro Hoc Vitae order, the second $500 fine. The third was revoking my permanent admission in the district court. And the fourth is prohibiting my admission in that court for the next four years. Your Honor, these four sanctions are clearly punitive. And as a result, the order should have been properly labeled as indirect criminal contempt, which not only requires an evidentiary hearing, it also has other safeguards, such as a higher standard of proof, probable cause. Your Honor, all this is, and I see my time is up, but all this is legal issues that require de novo review. Thank you for your consideration. Counsel, just before you sit down, what bar are you admitted in? New York, Your Honor. But your office is there in Palos Heights? I don't have an office here. I have basically New York and is in the main office, and I mainly practice in the federal courts, Your Honor. But your brief says Palos Heights, Illinois. Yes, that's an address that I use for the litigation that I do here in the federal court. Oh, okay. Thank you for your consideration. All right, thank you. Mr. Casper. Thank you, Judge. Initially, I'd like to talk about the fact that he has spent all his time talking about contempt here. And he's already won that argument with Judge Connolly in district court, because he filed a motion to reconsider, and the judge said, you're correct. This was not a contempt finding. This was a sanction for your conduct. So everything he just talked about in 95% of his brief has absolutely nothing to do with what Judge Connolly did to him. It was a sanction as a result of his conduct in three respects. One is, he filed a construction lien when there was two days before the closing of this piece of property, when there was absolutely no construction ever done by his client on this property. But he provided materials that became fixtures. The client did, didn't they? Jacuzzis and maybe some lighting things or something else. There was a couple chandeliers and a jacuzzi. But I mean, out of the majority of the items that were there, 99% of it were something else. And those would not qualify for a construction lien in any event. So he filed a construction lien when his client had done no construction. Those seem like materials that were provided in the renovation. How is it that they could not be the subject of a construction lien? In order to file a construction lien, you have to get a construction permit, and you have to actually do actual construction. It can't just be putting something in. It can't just be putting up a light. It can't be something like that. It's got to be actual construction. And there was no, there has been, and there is no evidence that his client ever did any of this. This is a Pakistani corporation who sent things over here. They're not engaged in construction in Wisconsin, Dallas, Wisconsin. Well, they put the equipment in the hotel, though. You know, they're now the entity that does that. And there are these installed jacuzzis and so on. I'm very concerned about the idea of sanctioning somebody for what seems to me at most a mistake in which Wisconsin form you use. Because certainly, a Liz Pendens had to use that form. All it is is a notice that litigation is out there. It's a buyer beware kind of mechanism. And that clearly seems to be what was going on. I just failed to see what the big deal was that got the judge so angry. Well, the problem with that, Judge, is even if it was a Liz Pendens, and I don't know where that came from. I think it was Judge Conley said, well, even if it was. But there was never any suggestion made by Mr. Salem that that's what it was. But even if it was a Liz Pendens, it has to be directly related to a specific piece of real property. And it had nothing to do with this litigation. This litigation was solely about the personal property in the hotel. Well, not if it's fixtures, too. Because under Wisconsin law, fixtures are real property. If those things would have been deemed to be fixtures, and again, I didn't brief that, but I don't think that they are. I mean, that's... Some of them are, surely. Well, once a jacuzzi is installed, isn't that a fixture? Okay, maybe the jacuzzi tub. But again, it's got to be directed to a specific piece of real estate. And it was directed to the hotel. And within the hotel, there are things that fall within the scope of this. The question isn't whether this was the greatest move to make. The question is, is it sanctionable this way? And especially when it starts out as contempt for something out of court, where you would normally have the right to have a different judge adjudicate it, and have the right to present your side. We've looked at contempt cases before, where judges have too quickly imposed punitive sanctions. I get that, Judge. But with respect to these sanctions, he had notice of exactly what it was the problem was. He had the ability to respond to it. And not only responded to it, but he responded to it twice and was heard on it. And that's what the law is with respect to a sanction and imposing a sanction. Even in Pearlhawk Beechay cases, in fact, there's a case that- What was his notice that his professionalism, that this was going to be seen as something related to his admission to the bar, and that sort of thing? Usually, that's not the way court orders are handled. Because there was a motion to strike the lien that was filed within two days of his filing the lien. Yeah, fine. So it's a motion to strike the lien, you strike the lien. So there's a notice of that. And as part of the notice, it was not only, hey, this guy has filed an improper construction lien when there was no construction done by his client. Again, this is a Pakistani corporation, whether it's a fixed- So what? I mean, it could be a Russian corporation. I mean, it's doing business in Wisconsin. If they're actually doing the construction, Judge, but they weren't doing the construction, they just shipped the stuff over here. That's it. Well, we get back to that. Even though you toss it off as not much, you had things that are considered fixtures. And the jacuzzis, right? Yeah. And you want to find hooks. There's a hook that would be a legitimate reason to file a list pendants notice. Maybe, but again, that assumes that the entity that's asking for the list pendants actually put the fixture in and owns it. And once they give up the fixture, it's owned by the people who own the real estate, which wasn't them. Well, actually, that's not quite right. Because the judge's order says that the property was going to be deemed abandoned, but it's very unclear how that applies to fixtures, number one. Number two, abandoned property is the subject of a whole different branch of property law. It doesn't necessarily mean it was your property. It doesn't mean it was the hotel's property. It means it has to be- somebody would have to fight. Let's suppose it's all permeated with mold, which is what those pictures made it look like. So somebody has to incur the cost of removing it. If it was your client's property, you'd have to pay to remediate all this mold. So I think the fact that it's abandoned takes you part of the way, but it may not take you all the way to saying, well, it's ours. Well, that was the third point, was that he had every opportunity over a 90-day period to get everything out of there he wanted. We didn't want to have any more to do with this material, whether it was his or not. We didn't want to engage in $50,000 worth of litigation over this stuff that wasn't worth $50,000. Well, of course, and he goes and he finds three companies, and they all say, we don't want to touch this stuff because it's all moldy, and the judge just sort of charges ahead with it. None of the judge- those things were all stricken for the record because they were all hearsay, and if you look at the two pieces that he put in, which are actual expert reports, his expert, because I was there, went into exactly two rooms out of 280 where there had been a roof leak and found mold. My expert went into a sampling over the entire premises of the other 278 rooms. So they're disputed fact issues. I mean, that happens. Well, it is, but he's getting up here and making this sound like this is mold central, and it wasn't. I mean, it's just a fact. But if it wasn't mold central, you would have wanted this stuff. No, it was used motel stuff. It was used sheets. It was used beds. It was used dressers. That's what 99% of- who wants that stuff? Nobody wants it, and it wasn't worth it to us to litigate over it. Come and get it. We don't care. We're selling the hotel, and that's the choice we made. If you want it, come and get it. We didn't want it. And, you know, maybe that's fine with him, but I think we don't want to lose sight of the fact that this is a personal sanction against a lawyer who was filing something, you know, to make sure his client's interests were protected. Maybe it would have- had it been adjudicated, it would have been resolved that there were no interests, and that would have been that. The lien would have been lifted. Instead, he finds himself, you know, with $500 fines and forever bar- you know, for three or four years barred from the Wisconsin court. Yeah. Judge, if I walked into any court anywhere in the country, and I put down a pro hoc viche admission number for something that a lawyer that was a bar- bar admitted in that state was supposed to do, and that's what the statute said, I mean- Well, and that's not quite what it says, as I'm reading both of these forms from the Wisconsin practice series. It's possible that the filing party is not a member of the state bar of Wisconsin. There's just a different authentication procedure. It can be the contractor itself- And it can be the contractor. Or a lawyer who's admitted- or a Wisconsin lawyer. A lawyer who's admitted to practice law in the state of Wisconsin. It's either or. Well- But it's not any lawyer can just come in and file it. He's not a random lawyer. He's an agent, among other things, of the contractor, so to speak. Right, but he hasn't- he hasn't been admitted. And Judge, the whole thing you're trying to prevent is exactly what went on here, which is you have a lawyer in Wisconsin who knows what these documents are about, filing them with the clerk of court. Instead, he doesn't- So what's he supposed to do when the clerk says, oh, no, you don't have to go get a Wisconsin lawyer? Again, that's hearsay, Judge. But even if it was, I mean, he represented to you that he told- We don't have to worry about hearsay. This is not, you know, a jury trial. So- Right. Mr. Salem just represented to you that he told the clerk that I will go find a Wisconsin lawyer. And if you look at his declaration on page six of this, there's none of that. All he says is that I asked the clerk and I told him I was admitted pro hoc vicee and the clerk said, fine. So you're supposed to- so you're supposed to rely on some clerk as a lawyer. I mean, you have a duty as a lawyer to make sure that what you're doing comports with the law. And he didn't do that. Okay. All right. Well, any further questions? No. Well, thank you very much, then. Anything further, Mr. Salem? I think- did- this time? I think you might have a minute. Your Honor, just one point about- the order of contempt still stands. It's not vacated. There are three state bar agencies that have disciplinary pending proceedings because they view the contempt order still standing. So the- my main concern is getting that contempt order vacated. Thank you for your consideration. All right. Thank you very much. The case will be taken under advisement.